UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERNEST C. HARRIS, | ) | CASE NO. 1:08 CV 1309 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BRIDGET M. MCCAFFERTY, Judge, | ) | AND ORDER |
| Defendant. | ) | |

On May 29, 2008, plaintiff <u>pro se</u> Ernest C. Harris filed this <u>in forma pauperis</u> action under 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Bridget M. McCafferty. The complaint alleges plaintiff's house was raided by the Cleveland Police Department and subsequently boarded up with his personal property inside.

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). There is no suggestion in the complaint that Judge McCafferty acted outside the scope of her official duties with regard to the events of which plaintiff complains.

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 7/22/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).